UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| LYNN CALER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:06-cv-172 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CAROL HOWES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. After undertaking the review required by Rule 4, the petition appears to be barred by the applicable statute of limitations. For the reasons set forth below, however, this Court concludes that Petitioner is entitled to equitable tolling of the statute of limitations so that his petition is timely. Accordingly, Respondent will be required to file an answer or other pleading with respect to the petition for a writ of habeas corpus filed by the Petitioner herein within 180 days of the entry of this opinion and order.

I.      Procedural History

Petitioner presently is incarcerated at the Lakeland Correctional Facility.  After a jury trial, Petitioner was convicted in the Hillsdale County Circuit Court of two counts of first-degree criminal sexual conduct (CSC).  On April 5, 1999, the trial court sentenced Petitioner to prison terms of fifteen to thirty years for each CSC conviction.  Petitioner appealed his conviction as of right to the Michigan Court of Appeals.  The court of appeals issued an opinion affirming Plaintiff's conviction on August 4, 2000.  The Michigan Supreme Court denied his application for leave to appeal on May 29, 2001.

Petitioner filed a habeas corpus petition in this Court on January 3, 2002.[1]  *See Caler v. Jones,* 1:02-cv-34 (W.D. Mich.).  In a report and recommendation dated February 24, 2004, the Magistrate Judge concluded that the petition was "mixed" (contained both exhausted and unexhausted claims) and recommended that it be dismissed without prejudice pursuant to *Rose v. Lundy,* 455 U.S. 509 (1982) or, alternatively, with prejudice because Petitioner's claims lacked merit.  In an opinion and judgment dated April 8, 2004, the District Judge adopted the report and recommendation and dismissed the petition without prejudice for lack of exhaustion.

On April 14, 2004, Petitioner filed a motion for relief from judgment in Hillsdale County Circuit Court.   The court denied his motion on April 15, 2004.  The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on January 3, 2005 and November 29, 2005, respectively.

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on January 3, 2002, and it was received by the Court on January 17, 2002.  Thus, it must have been handed to prison officials for mailing at some time between January 3 and 17.  For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

Petitioner filed the instant habeas petition on March 9, 2006, raising the following grounds for habeas corpus relief:

I.      PETITIONER WAS DEPRIVED OF DUE PROCESS OF LAW [IN] VIOLATION OF STATE AND UNITED STATES CONSTITUTION'S 14TH AMENDMENT, WITHOUT PROVING BEYOND A REASONABLE DOUBT OF FIRST DEGREE CRIMINAL SEXUAL CONDUCT.

II.     PETITIONER WAS DENIED HIS 5TH, 6TH AND 14TH AMENDMENT RIGHTS TO A FAIR TRIAL, EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS OF THE LAW AND EQUAL PROTECTION OF THE LAW WHEN PROSECUTION FAILED TO DISCLOSE EXCULPATORY EVIDENCE.

III.    PETITIONER WAS DENIED HIS STATE AND FEDERAL 6TH AND 14TH CONSTITUTIONAL RIGHT TO EQUAL PROTECTION, [DUE PROCESS], AND EFFECTIVE ASSISTANCE DUE TO COUNSEL'S NUMEROUS ERRORS THAT INTERFERED WITH THE ADEQUACY OF PETITIONER'S REPRESENTATION AT TRIAL AND SENTENCING.

II.      Statute of Limitations

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

- 3 -

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner directly appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on May 29, 2001. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 27, 2001. Petitioner had one year, until August 27, 2002, to file his habeas application.

Petitioner timely filed his first habeas corpus petition on January 3, 2002. A petition for a federal writ of habeas corpus does not toll the statute of limitations, *Duncan,* 533 U.S. at 181-82. Without the benefit of tolling, the one-year statute of limitations expired on August 27, 2002, while Petitioner's action remained pending in this Court.[3] Petitioner filed his motion for relief from judgment in the Hillsdale County Circuit Court on April 14, 2004. A properly filed application for state post-conviction relief will toll the limitations period, 28 U.S.C. § 2244(d)(2), but it does not restart the clock. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). When Petitioner filed his motion for post-conviction relief with the state circuit court, nothing was left of the one-year statute of limitations to toll. Consequently, Petitioner's current petition for a writ of habeas corpus is barred unless the statute of limitations is equitably tolled.

Under *Rose*, 455 U.S. at 522, district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. Since the AEDPA was amended to impose a one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court's holding in *Duncan* that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the

---

[3]This is not a case in which the Petitioner initiated his first habeas petition a day or two before the limitations period expired. At the time he filed his first habeas petition on January 3, 2002, Petitioner had two hundred and thirty-six days remaining in the limitations period.

state court.[4]  If the district court fails to grant a stay, a petitioner is entitled to mandatory equitable tolling if he filed in state court within thirty days of the federal court dismissal and returned to federal court no later than thirty days following state court exhaustion. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002) (*"Griffin I"*); *see also Palmer*, 276 F.3d at 781.  If a petitioner fails to qualify for mandatory equitable tolling, however, he may still qualify for traditional equitable tolling. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (*"Griffin II"* ).

       *Palmer* was decided two years prior to the dismissal of Petitioner's previous habeas action.  Under *Palmer*, a district court is required to stay the proceedings if the statute of limitations expired while the petition was pending.  Because Petitioner's first petition was dismissed after the statute of limitations expired, any future habeas action filed by Petitioner would be time-barred.  The opinion and order adopting the Magistrate Judge's report and recommendation did not make any reference to *Palmer* or address whether a stay of the proceedings was appropriate.  In light of the court's silence in the earlier action, this Court can only assume that in reaching its decision in 2004, the court did not contemplate the impact of the dismissal on Petitioner's ability to file future petitions. Because Petitioner did not receive the benefit of *Palmer* when his first habeas petition was dismissed, this Court must determine whether equitable tolling principles apply.

       Petitioner is entitled to the mandatory period of equitable tolling under *Palmer.*  Only six days passed between the dismissal of Petitioner's first habeas action on April 8, 2004, and the

---

[4]The Supreme Court has recently held, however, that this "stay-and-abeyance" procedure "should be available only in limited circumstances," because district courts normally do not have the power to issue stays, and because over-expansive use of the procedure would thwart the finality interest that the AEDPA promotes. *Rhines v. Weber*, 125 S.Ct. 1528, 1534-35 (2005).  In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is good cause for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are "potentially meritorious," and if "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 1535.

filing of his motion for relief from judgment in state court on April 14, 2004. Petitioner filed well within the thirty days permitted under *Palmer*. Turning to the time period after the conclusion of appellate court proceedings on Petitioner's motion for relief from judgment, Petitioner is also timely. The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 29, 2005. Under the statutory tolling provision, a motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It also is considered pending during the period in which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court, whether or not such a petition actually was filed. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*), *cert. denied*, 541 U.S. 1070 (2004). The Court therefore will consider his motion "pending" during the ninety-day period for purposes of determining whether Petitioner is entitled to mandatory equitable tolling. The ninety-day period expired on February 27, 2006. Petitioner filed the instant petition on December 27, 2005[5] so Petitioner is timely under the thirty days permitted under *Palmer*. Accordingly, the Court finds that Petitioner is entitled to the mandatory equitable tolling under *Palmer*. With the benefit of mandatory equitable tolling, the petition is timely. The Court therefore does not need to consider whether traditional equitable tolling principles should be applied in this case. *See Griffin II.*

---

[5]Petitioner dated his application on December 27, 2005, and it was received by the Court on March 9, 2006. Therefore, the petition must have been handed to prison officials for mailing at some time between December 27 and March 9. This Court gave Petitioner the benefit of the earlier filing date. *See Cook,* 295 F.3d at 521; *In re Sims,* 111 F.3d at 47. Even if this Court deemed that Petitioner's habeas application was filed on March 9, it would still be timely under *Palmer*.

**<u>Conclusion</u>**

In light of the foregoing, the Court finds that Petitioner is entitled to equitable tolling of the statute of limitations and will order Respondent to file an answer addressing the merits of Petitioner's grounds for relief.

An Order consistent with this Opinion will be entered.

Date:      April 20, 2006                          /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   CHIEF UNITED STATES DISTRICT  JUDGE