UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN CALER,

    Petitioner,

v.

                                    Case No. 1:06-cv-172
                                    Hon. Robert Holmes Bell

CAROL HOWES,

    Respondent.
_____/

**ORDER**

Mr. Caler filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is now before the court on three matters: petitioner's "motion for leave to invoke the process of discovery under Rule 6(A) § 2254" (docket no. 11); "notice of hearing" (docket no. 27) (docketed as a "motion for hearing" regarding petitioner's response to respondent's notice of filing Rule 5 materials); and a "motion to amend original petition" (docket no. 29).

Petitioner's filings seek to accomplish two tasks. First, petitioner seeks to amend his petition to include three exhibits which relate to his ineffective assistance of counsel claims. Second, petitioner seeks to obtain copies of exculpatory documents which he claims that the prosecutor withheld from his trial counsel.

        **1.**        **Motion to amend**

Fed. Rule Civ. Proc. 15(a) provides that leave to amend "shall be freely given when justice so requires." Here, petitioner seeks to amend his petition by adding three exhibits which relate to his ineffective assistance of counsel claim: "Exhibit A" (Hillsdale Circuit Court Orders dated April 10, 2001, February 3, 2003 and April 15, 2004); "Exhibit B" (copies of receipts to "Cleo

Culp" totaling $1,950.00); and, "Exhibit C" (copy of correspondence and "sanction brief" filed by the State of Michigan, Attorney Grievance Commission, in *Grievance Administrator v. Cleophas Culp*, ADB Case No. 02-134-GA).[1]

Petitioner's motion to amend is unopposed. Respondents will not be prejudiced by the addition of these these exhibits. Accordingly, petitioner's motion to amend (docket no. 29) is **GRANTED**. The clerks office is directed to create a docket entry to reflect that the petition is amended to incorporate Exhibits A, B and C attached to petitioner's motion to amend.

### 2. Discovery motions

Petitioner was convicted of two counts of first degree criminal sexual conduct, involving sexual penetration of the victim with his finger and his tongue. Trial Trans. at 269-71, 289-90. In his motions, petitioner seeks to obtain copies of exculpatory records from the prosecutor consisting of (1) medical reports from Dr. Phillip O. Richards, in which the doctor allegedly concluded that the victim had no physical signs of abuse, and (2) records from a counselor affiliated with the Michigan Family Independence Agency, Officer or Ms. Nancy Bishop, which demonstrate that the victim "was lying concerning her allegations against petitioner." Respondent has not filed a separate response to this motion. However, in her response to the habeas petition, respondent opposes "any requests for discovery" and summarily rejects petitioner's allegations regarding these records.

Petitioner was convicted on the basis of the victim's testimony that he sexually molested her over a period of years. In the appeal of his motion for relief from judgment and request

---

[1] With respect to Exhibit C, it appears that petitioner's previous counsel, Mr. Cleophas Culp, has been continuously suspended from the practice of law in Michigan since December 20, 2000, and that his license was revoked effective June 11, 2003. *See* Attorney Discipline Board, Notice of Revocation and Restitution, ADB Case No. 02-134-GA (June 18, 2003) (posted at www.adbmich.org).

for an evidentiary hearing, petitioner provided an affidavit in which he stated: that he asked his trial and appellate counsel (Mr. Culp) to investigate whether the victim was examined by a physician or met with a counselor; that after investigating the matter, counsel informed petitioner that he found "no such information;" that after the appeal, petitioner's ex-wife informed him that the victim was examined by Dr. Richard and that both the doctor and a counselor, Ms. Bishop, concluded that the victim's "allegations against [petitioner] was [sic] false and there was no sign of abuse;" and that appellate counsel did not raise an ineffective assistance of counsel claim as requested by petitioner. *See* Caler Aff. (docket no. 23).

Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts, provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." While federal habeas petitioners "have no right to automatic discovery," *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), a district court has the discretion to grant a party discovery "upon a fact specific showing of good cause under Rule 6." *Id.*, *citing Bracy v. Gramley*, 520 U.S. 899 (1997). The moving party has the burden of demonstrating the materiality of the information requested. *Stanford*, 266 F.3d at 460.

Before addressing the question of whether petitioner is entitled to discovery under Rule 6(a), the court should first determine the "essential elements" of the relevant habeas claim. *See Bracy*, 520 U.S. at 903-04. Having determined the "essential elements" of the relevant claim, the court can then determine whether the moving party has shown "good cause" for discovery under Rule 6(a). "Good cause" is shown by the following test: "whether specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to

demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.* at 908-09, *quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969).

Here, petitioner has raised three grounds for habeas relief, which can be summarized as: insufficient evidence to support his conviction; the prosecution's failure to provide exculpatory evidence (i.e., a *Brady* violation); and ineffective assistance of counsel. The requested information is relevant to the three issues raised in the petition, all of which involve the prosecutor's failure to advise petitioner or his counsel of the existence of this alleged exculpatory evidence. Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process were the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83 (1963). To establish a *Brady* violation, the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; it must have been suppressed by the state, either willfully or inadvertently; and prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Spirko v. Mitchell*, 2004 WL 1085179 (6th Cir. May 17, 2004). "One does not show a *Brady* violation by demonstrating that some of the inculpatory evidence should have been excluded, but by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

Respondent has not provided a meaningful response to the motion for discovery, and neither admits nor denies the existence of this alleged evidence. The requested evidence is relevant to petitioner's claim. Accordingly, petitioner's discovery motions (docket nos. 11 and 27) are

**GRANTED** in part.

Respondents shall produce to the court, under seal and for the court's in camera inspection, copies any reports or other documents prepared by Dr. Phillip O. Richards and Ms. Nancy Bishop which relate to the victim in the underlying criminal cases of *People v. Caler*, First Judicial Circuit Case Nos. 98-22-8109, 98-22-8110, 98-22-8113, 98-22-8114, 98-22-8117 and 98-22-8118.

If the documents cannot be produced, then respondent shall file an affidavit signed by the Hillsdale County Prosecutor stating the reason for non-production of the documents.

Respondent shall produce the documents or file an affidavit within **21 days** of the entry of this order.

**IT IS SO ORDERED.**


Dated:  April 23, 2007            /s/ Hugh W. Brenneman, Jr.
                                  Hugh W. Brenneman, Jr.
                                  United States Magistrate Judge