UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN CALER,

      Petitioner,

v.

                              Case No. 1:06-cv-172
                              Hon. Janet T. Neff

CAROLE HOWES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

A jury convicted petitioner of first-degree criminal sexual conduct (CSC I), M.C.L. § 750.520b(1)(b). *People v. Lynn C. Caler*, No. 219528 (Mich. App. Aug. 4, 2000). He was sentenced to a term of 15 to 30 years imprisonment. Sent. Trans. at 16 (docket no. 18). The Michigan Court of Appeals summarized the events giving rise to this offense as follows:

> Defendant was charged in separate files with six counts of CSC I, the victim being his stepdaughter. Complainant testified, inter alia, to one incident of sexual penetration that occurred in the home during the year in which she was fourteen-years-old, i.e., September 13, 1995, through September 12, 1996, and to another incident that occurred in a barn during the summer of 1996. Defendant moved for a directed verdict of acquittal on the ground that plaintiff had not established a sufficiently specific time frame in which the charged incidents were alleged to have occurred. The trial court denied the motion. The jury convicted defendant of two counts of CSC I, and acquitted him of four counts.

*People v. Lynn C. Caler*, No. 219528, slip op. at 1.

Petitioner presented two issues in his direct appeal to the Michigan Court of Appeals:

> I. Did the People prove that the rational trier of fact could find that the essential elements of the charged crime were proven beyond a reasonable doubt?
>
> II. Whether the trial court judge erred in not denying [petitioner's] motion for directed verdict of acquittal on the two counts [petitioner] was convicted of?

*See* Brief on Appeal (docket no. 19). The Michigan Court of Appeals affirmed the conviction. *People v. Lynn C. Caler*, No. 219528.

Petitioner raised three issues in his application for leave to the Michigan Supreme Court:

> I. Did the People prove that the rational trier of fact could [] find that the essential elements of the charged crime were proven beyond a reasonable doubt?
>
> II. Whether the trial court judge erred in denying [petitioner's] motion for directed verdict of acquittal on the two counts [petitioner] was convicted of?
>
> III. The trial court created a reversible error by sentencing [petitioner] to a sentence that lacks the principle of proportionality for the crime committed?

*See* Application (docket no. 20). Petitioner's application was denied. *People v. Lynn C. Caler*, No. 117787 (Mich. May 29, 2001).

On January 17, 2002, petitioner filed a habeas action in this court. *See Caler v. Jones*, 1:02-cv-34 (W. D. Mich.). However, this petition was dismissed without prejudice for failure to exhaust state court remedies. *Id.* (Judgment April 8, 2004).

Petitioner sought to exhaust his state court remedies by filing a motion for relief from judgment in the trial court, pursuant to MCR 6.500 et seq., which that court denied as untimely filed. *People v. Lynn C. Caler*, Nos. 98-22-8109, 98-22-8113 (Hillsdale Co. Cir. Ct., April 15, 2004)

(docket no. 23).[1] Petitioner raised the following issues in his application for leave to appeal to the Michigan Court of Appeals:

> I.   [Petitioner] was deprived of his liberty without due process of law, in violation of state and Unites States Constitutions where the evidence was insufficient for a conviction of first degree criminal sexual conduct, but the conviction was nevertheless obtained without the prosecution's proving [petitioner's] guilt beyond a reasonable doubt.
>
> II.  [Petitioner] was denied his state and federal constitutional rights to a fair trial, confrontation, and the effective assistance of counsel, as well as his right to due process of law and equal protection of the law when the prosecution failed to disclose material exculpatory evidence.
>
> III. [Petitioner] was denied his state and federal constitutional rights to equal protection, due process, and the effective assistance of trial counsel due to counsel's numerous errors which interfered with the adequacy of [petitioner's] representation at trial, and sentencing.
>
>     A. Extrinsic ineffectiveness
>
>     B. Ineffective assistance of counsel due to negligence of counsel
>
> IV.  The cumulative effect of these errors and omissions deprived [petitioner] of numerous constitutional rights, and requires that a new trial be ordered in this matter.
>
> V.   [Petitioner] was denied his state and federal constitutional rights to equal protection, due process, and effective assistance of appellate counsel by counsel's failure to raise obvious, significant, and meritorious issues in [petitioner's] appeal of right.
>
>     A. Counsel's performance fell below an objective standard of reasonableness.
>
>     B. [Petitioner] was prejudiced by the deficient performance of appellate counsel.

---

[1] The order does not designate petitioner's claims.

The Michigan Court of Appeals denied the motion "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Lynn C. Caler*, No. 255530 (Mich. App. Jan 3, 2005). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, raising the same issues, which that court also denied for failing "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Lynn C. Caler*, No. 127861 (Mich. Nov. 29, 2005).

This matter is now before the court on petitioner's habeas petition, which raises three issues:

I. Petitioner was deprived of due process of law. A violation of the state and United States Constitution's 14th Amendment, without proving beyond a reasonable doubt of First Degree Sexual Conduct.

II. Petitioner was denied his 5th, 6th and 14th Amendment rights to a fair trial, effective assistance of counsel, due process of the law when [the] prosecution failed to disclose exculpatory evidence.

III. Petitioner was denied his state and federal 6th and 14th Constitutional Right to equal protection, [due process], and effective assistance due to counsel's numerous errors that interfered with the adequacy of petitioner's representation at trial and sentencing.

The court allowed petitioner to amend the petition to include certain exhibits.[2] *See* Order (April 23, 2007). In addition, the court granted petitioner's motion for discovery, requiring respondent to file certain records relating to the victim's medical treatment for the court's *in camera* review. *Id.*

---

[2] These exhibits included a "sanction brief" filed by Michigan's Attorney Grievance Commission against petitioner's trial counsel, Cleophas Culp. *See Grievance Administrator v. Cleophas Culp*, No. 02-134-GA (Mich. Attorney Discipline Board). The matters set forth in the sanction brief did not arise from counsel's conduct during petitioner's trial. Rather, the brief refers to counsel's failure to provide copies of transcripts for use in his federal habeas proceeding, even though petitioner's mother paid him $50.00 for the copies.

## II.     Procedurally defaulted claims (Issues II and III)

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

Here, respondent contends that petitioner's Issues II and III are procedurally defaulted and not subject to federal habeas review. In Issue II, petitioner argued that the prosecution withheld exculpatory evidence that would have discredited the victim's claim, i.e., a doctor's report that showed no signs of sexual abuse. In Issue III, petitioner contends that his trial counsel was ineffective for failing to investigate and discover the doctor's report, and also for allowing the judge "to use uncharged crimes" to sentence petitioner, and failing to cite authority to support his arguments. Petitioner raised these two issues in his motion for relief from judgment. After the trial

5

court denied the motion, both the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's application for leave to appeal the order for relief from judgment because petitioner failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). The Sixth Circuit has held that a criminal defendant's failure to meet the requirements of MCR 6.508(D) constitutes a procedural default for purposes of a federal habeas action. *See Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002); *Simpson*, 238 F.3d at 407-08; *Luberda v. Trippett*, 211 F.3d 1004, 1008 (6th Cir. 2000). Consequently, a habeas petitioner's claims are procedurally defaulted in those cases in which the Michigan Supreme Court expressly relies on MCR 6.508(D) in denying an application for leave to appeal. *Id.* As the last state court rendering judgment in the case, the Michigan Supreme Court's decision denying petitioner's claims on the basis of the state procedural bar of MCR 6.508(D) precludes habeas review. *See Howard*, 405 F.3d at 477; *Burroughs*, 282 F.3d at 414; *Simpson*, 238 F.3d 407. Accordingly, petitioner's claims II and III are procedurally defaulted.

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner has failed to assert any cause for his procedural default. Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To ensure that

the fundamental miscarriage of justice exception remains "rare" and will only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Supreme Court has explicitly tied the miscarriage of justice exception to the petitioner's innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. *See, e.g. Paffousen v. Grayson*, No. 00-1117, 2000 WL 1888659 at *3 (6th Cir. Dec. 19, 2000) ("in order to establish actual innocence a petitioner must show that it is more likely than not that no reasonable juror would have convicted him"). Evidence sufficient to establish actual innocence "normally consists of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Paffousen*, 2000 WL 1888659 at *3. Petitioner offers no such new evidence that he is actually innocent of the crime for which he was convicted. *See* § II.B.1, *infra.*

Petitioner having failed to meet the fundamental miscarriage of justice exception, his issues II and III are procedurally barred and not subject to habeas review.

### III.     Discussion

#### A.     Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981);

*Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). There are no exhaustion problems with the remaining issues raised in the petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness

8

by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### B. Petitioner's claim of insufficient evidence (Issue I)

Petitioner contends that there is insufficient evidence to support his conviction. First, petitioner contends that the victim gave inconsistent testimony at the preliminary examination and at trial. Second, petitioner contends the victim perjured herself, based upon medical reports that the prosecution withheld which showed that the victim's hymen was intact and no abuse found. Third, the 17-year-old victim's testimony was not overwhelming and did not support the prosecution's position that over 100 penetrations occurred. Fourth, the medical reports were not discovered until after the trial.

#### 1. The victim's medical records

The gist of petitioner's argument is that the evidence was insufficient because the prosecutor failed to present certain medical reports at trial, which would have established that the victim's hymen was intact and that the victim was not a credible witness. Petitioner's argument is without merit. The court finds no evidence that any medical records support this conclusion, that any such medical reports exist or that the prosecutor hid these reports from petitioner.

As previously noted, petitioner requested discovery in the form of (1) medical reports from Dr. Phillip O. Richards, in which the doctor allegedly concluded that the victim had no physical signs of abuse, and (2) records from a counselor affiliated with the Michigan Family Independence Agency ("FIA") named Nancy Bishop, which would demonstrate that the victim's allegations against petitioner were lies.

9

On August 23, 2007 the court directed respondent to file any reports or other documents prepared by Dr. Richards and Ms. Bishop in the underlying criminal cases. *See* docket no. 33.

Respondent filed her response on May 10, 2007. The response included an affidavit from Ms. Bishop, stating that the victim's mother set up an appointment with her physician, Dr. Richards, and took the victim for an examination. However, the FIA file does not contain any record of an examination by Dr. Richards. Ms. Bishop further stated that the victim's mother was requested "to sign a release" but she was uncooperative with the FIA. In addition, Ms. Bishop stated that the agency would have obtained an examination of the victim from a physician other than the victim's mother's personal physician. Ms. Bishop's affidavit is consistent with the records from the Children's Protective Services reports, which reflect that the victim stood by her allegations against petitioner and that the victim's mother remained in contact with petitioner and was uncooperative in assisting with the investigation.

In a separate affidavit, Hillsdale County Chief Assistant Prosecuting Attorney Valerie R. White stated that the county's criminal records with respect to petitioner's prosecution did not contain any doctor's reports. In addition, the county did not rely on any medical reports at petitioner's trial. Based on this information, it appears that if Dr. Richards did in fact examine the victim and issued a report, her mother never authorized the release of the report to the state agency or the Hillsdale County Prosecutor. Accordingly, there is no factual basis to support petitioner's claim that the government suppressed relevant evidence from the jury.

    **2.**    **The victim's testimony**

The Michigan Court of Appeals addressed the sufficiency of the evidence issue as follows:

In reviewing a sufficiency of the evidence question, we view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could conclude that the elements of the offense were proven beyond a reasonable doubt. We do not interfere with the jury's role of determining the weight of the evidence or the credibility of witnesses. *People v. Wolfe*, 440 Mich. 508, 514-515; 489 NW2d 748 (1992), *amended* 441 Mich. 1201 (1992); *People v. McRurels*, 237 Mich. App 168, 181; 603 NW2d 95 (1999).

If the evidence is insufficient to support a conviction, due process requires that the trial court direct a verdict of acquittal. MCR 6.419(A); *People v. Lemmon*, 456 Mich. 625, 633-634; 576 NW2d 129 (1998). When ruling on a motion for directed verdict, the trial court must consider the evidence presented by the prosecutor and determine whether a rational trier of fact could find that the elements of the charged offense were proven beyond a reasonable doubt. *People v. Vincent*, 455 Mich. 110, 121; 565 NW2d 629 (1997). Questions regarding the credibility of witnesses are to be left to the trier of fact. *People v. Pena*, 224 Mich. App 650, 659; 569 NW2d 871 (1997), *modified in part on other grds* 457 Mich. 885; 586 NW2d 925 (1998). We review a trial court's ruling on a motion for directed verdict de novo. *People v. Mayhew*, 236 Mich. App 112, 124; 600 NW2d 370 (1999).

Defendant argues that insufficient evidence was presented to support his conviction, and that the trial court erred by denying his motion for directed verdict, for the reason that the dates on which the sexual penetrations were alleged to have occurred were too vague to allow him to present a defense. We disagree and affirm. An information need only state the time of the offense "as near as may be." MCL 767.45(1)(b); MSA 28.985(1)(b). In criminal sexual conduct cases, especially those involving children, time is usually not of the essence or a material element of the offense. *People v. Sabin*, 223 Mich. App 530, 532; 566 NW2d 677 (1997). The dates of the offenses of which defendant was convicted were pinpointed with sufficient specificity. Defendant's position was that he did not engage in sexual penetration of complainant at any time. This was not a case in which defendant admitted some incidents but denied others. The failure to pinpoint exact dates did not result in prejudice to defendant. *Id.* The trial court did not err by denying defendant's motion for a directed verdict. *Vincent*, *supra*.

The undisputed evidence showed that complainant was between the ages of thirteen and sixteen, and resided in the same household with defendant at the time the charged conduct occurred. Complainant testified that defendant engaged in sexual penetration with her on a number of occasions, including the occasions that resulted in the charges of which he was convicted. No corroboration of complainant's testimony was required, M.C.L. § 750.520h; MSA 28.788(8), and the jury was entitled to believe the testimony. *People v. Marji*, 180 Mich. App 525, 542; 447 NW2d 835 (1989). Viewed in a light most favorable to the prosecution, the evidence was sufficient to support defendant's convictions. MCL 750.520b(1)(b); MSA 28.788(2)(1)(b); *Wolfe*, *supra*.

*People v. Lynn C. Caler*, No. 219528, slip op. at 1-2.

In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Under *Jackson v. Virginia*, 443 U.S. 307 (1979), sufficient evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis added). In determining whether sufficient evidence exists to support a conviction, the reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).

Petitioner was charged with six crimes: case no. 22-8109 (cunnilingus at home in the living room, Fall of 1995); case no. 22-8110 (fellatio in the home, Winter of 1995-96); case no. 22-8113 (digital in the barn, Summer of 1996); case no. 22-8114 (anal in the motor home, Summer of 1996); case no. 22-8117 (penile-vaginal penetration in the bedroom, May of 1997); and case no. 22-8118 (penile-vaginal penetration in the bathroom, Summer of 1997). The jury found petitioner guilty of two counts: CSC I in case nos. 22-8109 and 22-8113.

At trial, the victim identified petitioner as the assailant. With respect to case no. 22-8109, the victim testified that she was wearing her pajamas in the living room of their house trailer. Trial Trans. at 92. Petitioner had the victim take off her underwear and he put his tongue against her vagina. *Id.* The victim asked him to stop but he would not. *Id.* She was 14 years old at the time. *Id.* With respect to case no. 22-8113, the victim testified that when she was in ninth grade, she was doing chores in the barn, that petitioner came in the barn and that petitioner barred the door

shut with a rake or shovel. *Id.* at 94. Petitioner put his hands down her pants, touched her vagina, laid her on a tarp, took her pants off, laid down on the tarp, rubbed his penis against her vagina, penetrated her vagina and ejaculated. *Id.* Petitioner had previously told the victim that if she told anyone about his molestation that her mother "would do something stupid." *Id.* at 91. The victim took this threat seriously, explaining that her mother was not emotionally stable and the victim was afraid that her mother "might kill herself or hurt herself in some way." *Id.*

The uncorroborated testimony of a single witness is sufficient to support a criminal conviction. *See United States v. Johnson*, 106 Fed. Appx. 461, 465 (6th Cir. 2004) ("the uncorroborated testimony of a single witness is a sufficient basis for a federal conviction"); *Brown v. Davis*, 752 F.2d 1142, 1144 (6th Cir. 1985) (the testimony of a single, uncorroborated rape victim sufficient to support conviction); *United States v. Gallo*, 763 F.2d 1504, 1518 (6th Cir. 1985) ("the uncorroborated testimony of an accomplice may support a conviction under federal law"). The evaluation of witness testimony is "clearly the province of the jury and not this court." *Tyler v. Mitchell,* 416 F3d 500, 505 (6th Cir. 2005). A sufficiency of the evidence claim does not "transform federal habeas courts into super-appellate state courts." *Ponnapula v. Spitzer,* 297 F.3d 172, 182 (2nd Cir. 2002). This court will not re-evaluate a witness' testimony or credibility on federal habeas review. This court must presume that the trier of fact resolved any conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *West*, 505 U.S. at 296-97. Accordingly, the victim's in-court identification and testimony is sufficient to support petitioner's convictions.

The Michigan Court of Appeals' resolution was neither contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Petitioner is not entitled to habeas relief on this claim.

13

**IV.     Recommendation**

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: January 26, 2009                        /s/ Hugh W. Brenneman, Jr.
                                               HUGH W. BRENNEMAN, JR.
                                               United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).